UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT LEE MITCHELL. JR., | Case No. 3:21-cv-00174-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| CHARLES DANIELS, *et al.,* | |
| Defendants. | |

This action is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Robert Lee Mitchell, Jr., a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). On September 9, 2021, the Court issued an order dismissing the complaint with leave to amend and directed Mitchell to file any amended complaint within 30 days of the date of that order. (ECF No. 4 at 12.) The time period for filing an amended complaint has now expired, and Mitchell has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, the Court will dismiss this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833

F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Mitchell to file an amended complaint within 30 days expressly warned Mitchell: "If Mitchell does not timely file an amended complaint curing the stated deficiencies, this action will be dismissed with prejudice for failure to state a claim." (ECF No. 4 at 13.) Thus, Mitchell had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint within 30 days.

For the foregoing reasons, it is ordered that Mitchell's application to proceed *in forma pauperis* (ECF Nos. 1, 3) without having to prepay the full filing fee is granted.

Mitchell shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of Robert Lee Mitchell, Jr., # 65386 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, regardless of the success of Mitchell's action, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that this action is dismissed with prejudice based on Mitchell's failure to file an amended complaint in compliance with this Court's September 9, 2021, order and for failure to state a claim.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 19th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE